IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

BOBBY R. GOLEMAN,                                 CASE NO. 22-10495-JCO
                                                                                                         Chapter 13

DEBTOR.

## **MEMORANDUM OPINION AND ORDER**

This matter came before the court for confirmation of the Debtor's Amended Plan (doc. 39) and the Objections by MFI Mobile #499 d/b/a/Buddy's Home Furnishings ("BHF")(doc.38), and the Chapter 13 Trustee. (Doc. 48). Proper notice of hearing was given and appearances were noted by Attorney William C. Poole as counsel for BHF, Attorney Stephen L. Klimjack as counsel for the Debtor, Bobby R. Goleman ("Goleman"), and the Chapter 13 Trustee. Having considered the Record, the Objections, and the statements of counsel, this court finds that BHF's Objection to Confirmation is due to be SUSTAINED for the reasons below.

## **JURISDICTION**

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§1334 and 157, and the Order of Reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

## **PROCEDURAL HISTORY AND FACTS**

On or about February 2, 2022, the Debtor, Bobby Goleman, ("Goleman") entered into a Rental Purchase Agreement with Buddy's Home Furnishings to obtain a refrigerator. Goleman

1

then filed this Chapter 13 bankruptcy on March 18, 2022. Goleman proposes to pay the full amount of BHF's claim ($1570.00) at an interest rate of 5.25% over the term of his 60-month plan. (Doc. 39). BHF objected to confirmation asserting that: (1) the Rental Purchase Agreement is an executory contract; (2) Goleman's only option is to assume or reject the Rental Purchase Agreement; and (3) since the terms of the Rental Purchase Agreement have not been performed, it may not be assumed. (Doc. 38).

At the confirmation hearing, Counsel for the Debtor and BHF agreed that the relevant facts are undisputed and stated that the only issue to be decided is whether the Rental Purchase Agreement should be treated as a lease or a security instrument. No testimony was offered and no evidence was introduced at the setting. This court relies on the Record and a copy of the Rental Purchase Agreement ("Contract"), attached to BHF's proof of claim, (ECF Claim 3-1) which provides:

> . . . RENTAL TERM MONTHLY. Rental Payments are due at the beginning of each term that you choose to lease the property. You are not obligated to renew this agreement or purchase the property . . .

(ECF Claim 3-1 at 4¶1).

> If you choose to rent to own you must renew this lease for the following number of months or weeks . . .
>
> 18.00 monthly payments@ $99.99 for a total cost of $1799.82 . . .[1]

(*Id.* ¶5).

> You may terminate this lease without penalty by voluntarily returning the rental property . . .

(*Id.* at 5¶14).

---

[1] The Contract also contains other terms, a same as cash option, and an early purchase option. That said, as neither party contends that the Debtor sought to exercise those options, this court will not address those herein.

2

> You may only use the property for the term of the lease. You do not own or have equity in the rental property until you satisfy the requirements for ownership. This transaction is a rental purchase transaction governed by Title 8, Chapter 25 of the Alabama Code . . .

(*Id.* ¶15).

## **ANALYSIS**

Whether a transaction is an executory contract or a security agreement determines how it can be treated in bankruptcy. *See 11 U.S.C. §365*; *11 U.S.C. §1322.* The Bankruptcy Code sets out certain requirements for confirmation of a debtor's plan. *11 U.S.C. §1325*. It provides, among other things, that the plan must be proposed in good faith and comply with the applicable provisions of the Bankruptcy Code. *Id.* Section 1322 provides that a chapter 13 plan may:

> . . . modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims; . . .
>
> . . . provide for the curing or waiving of any default; . . .
>
> . . . provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section; . . .

*11 U.S.C. §1322 (b)(2),(3),(7).*

Further, Section 365, governing executory contracts and leases, provides that:

> . . . If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee--
>
> . . . cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a

3

nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

. . . compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

. . . provides adequate assurance of future performance under such contract or lease.

*11 U.S.C.§365 (a),(b)(1)(A), (B), (C).*

In determining whether a particular contract is an executory contract or a purchase agreement, the title of the document and the labels assigned to the parties are not dispositive. *In re Byers*, 621 B.R. 943 (Bankr. S.D. Ala. 2020)(*citing Butner v. United States*, 440 U.S. 48,54-55, 99 S.Ct. 914, 59 L. Ed. 136 (1979); *Lewis* v. *Manufacturers Nat'l Bank*, 364 U.S. 603, 609, 81 S. Ct. 347, 350, 5 L.Ed. 2d 323 (1961); *In re HB Logistics, LLC*, 460 B.R. 291 (Bankr. N.D. Ala. 2011)). Instead, courts must apply state law and make the determination based on the facts of each case. *Id.*

The Alabama Code contains provisions specifically addressing rental purchase agreements. *Ala. Code 1975 §8-25-1 to §8-25-6.* A rental purchase agreement is defined as, "An agreement for the use of merchandise by a consumer for personal, family, or household purposes, for an initial period of four months or less that is automatically renewable with each payment after the initial period, and that permits the consumer to become the owner of the merchandise". *Ala. Code §8-25-1(5).* Such statutory scheme provides that Rental Purchase Agreements, "shall not be construed to be, nor governed by the laws relating to: . . . (b) A

4

Case 22-10495    Doc 52    Filed 11/22/22    Entered 11/22/22 13:16:24    Desc Main
Document      Page 4 of 7

'security interest' as that term is defined in subdivision (37) of Section 7-1-201 of the Uniform Commercial Code." [2]

The Bankruptcy Court for the Northern District of Alabama addressed the applicability of Alabama's Rental Purchase Agreement Statutes in the context of Chapter 13 proceedings in *In re Trusty*.189 B.R.977 (Bankr. N.D. Ala. 1995). The court considered motions for relief in three consolidated cases involving rent-to-own agreements. The debtors asserted that the contracts were sales agreements while the merchants contended that they were leases. *Id.* The *Trusty* Court acknowledged that rent-to-own agreements have some characteristics of leases and some characteristics of security agreements but determined that they are neither. *Id.* at 980. A lease is a contract where the owner of property allows another to use it for a specified time in exchange for specific payments, after which the owner has an absolute right to retain the property. *Id.* (citing *Black's Law Dictionary* at 889 (6th ed. 1990)). Conversely, a retail installment contract is a sale of goods for a deferred payment price payable in installments. *Id.* (citing *Black's Law Dictionary* at 1338 (6th ed. 1990)).

Thus, the Court in *In re Trusty*, concluded that rent-to-own agreements are hybrid commercial devices created by the Alabama Legislature for a distinctive exchange of particular types of property. *Id.* at 980. It reasoned that because rent-to-own agreements allow for payments in installments and termination by the debtor at any time, it is not the property that secures the debt, but only the loss of use thereof. *Id.* Thus, the Court found as a matter of fact and as a matter of law that the rent-to-own agreements were neither "true leases" nor "security agreements." *Id.* at 980, 981. Therefore, the Court held that rent-to-own agreements, "qualify under the

---

[2] This court notes that this statutory citation is to a prior version of the Commercial Code and now "Security Interest" is defined in Alabama Code 7-1-201(35), which provides in part, " . . .Whether a transaction in the form of a lease creates a 'security interest' is determined pursuant to Section §7-1-203."

5

Bankruptcy Code as executory contracts with all rights and requirements of assumption and cure guaranteed to like contracts." *Id.; see also In re Waltman*, No. 12-03316-MAM 2012, WL 5828717 (Bankr. S.D. Ala. 2012); *In re Porterfield*, 331 B.R. 480 (Bankr.S.D.Fla. 2005); *In re Rembert*, 293 B.R. 664 (Bankr.M.D.Pa.2003).

The *In re Trusty* Opinion further explained that to assume an executory contract in bankruptcy, the debtor must provide adequate assurance of: (1) prompt cure of any default; (2) compensation for pecuniary loss resulting from the default; and (3) future performance under the contract. *Id.* at 981(*citing 11 U.S.C. §365*). As a result, the Court conditionally denied the pending motions for relief and allowed the debtors time to file motions to assume the executory contracts. The Court further noted that since rent-to-own agreements do not have a particular term, the time for prompt cure, may be defined as a portion of the time the debtor proposes to pay other debts. *Id.* at 984 (stating that in "cases where the range of time of payment is from 54 to 60 months, a 12-month period to cure a rent-to-own arrearage and to pay pecuniary losses, is most certainly prompt").

The Contract in this case falls within the parameters of the Alabama Rental Purchase Agreement Statutes. *Ala. Code §§8-25-1 to 8-25-6.* It is an agreement for the use of a household good, with an initial term of less than four months, which is automatically renewable monthly. It permits Goleman to acquire ownership if he elects to without requiring purchase or penalizing termination. The Contract also includes the required disclosures and does not contain any prohibited provisions. *Id.* Further, the Contract specifically states, " This is a rental purchase transaction, governed by Title 8, Chapter 25 of the Alabama Code." *ECF Claim 3-1 at 5 ¶15.* Therefore, under the plain language of the Contract, *Title 8, Chapter 25 of the Alabama Code*,

6

and the rationale of *In re Trusty*, the Rental Purchase Agreement should be treated as an executory contract.

Although Debtor's counsel cited *In re Byers*[3] in support of his position that the Rental Purchase Agreement should be treated as a disguised security agreement, such argument is misplaced because the material facts of this case are distinguishable. In *Byers*, the contract did not include language providing that the transaction was governed by *Title 8, Chapter 25 of the Alabama Code.* Additionally, the property in *Byers*, a 2008 Forest River Wildcat Recreational Vehicle ("RV"), was the Debtor's homeplace. Moreover, Byers was listed as the owner on the RV certificate of title and had an equity interest therein. Therefore, the holding of *In re Byers* is not applicable and this court concludes consistent with *In re Trusty* that Goleman's Rental Purchase Agreement is an executory contract.

## CONCLUSION

Based on the foregoing, this court finds that the Rental Purchase Agreement is an executory contract. Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that the Objection of MFI Mobile #499 d/b/a/Buddy's Home Furnishings (doc.38) to confirmation of the Debtor's plan (doc. 39) is SUSTAINED. It is further ORDERED that the Debtor is allowed 30 days from the date of this Order to file an amended plan consistent with this Opinion.

Dated: November 22, 2022

JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE

---

[3] 621 B.R. 943 (Bankr. S.D. Ala. 2020).